[Civ. No. 21352.   First Dist., Div. Three.   Oct. 28, 1963.]

COMMERCIAL INSURANCE COMPANY OF NEWARK, N. J., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, FRANCIS G. THOMAS et al., Respondents.

Henry G. Sanford and John R. Smith for Petitioner.

Everett A. Corton, Rupert A. Pedrin and Lowell A. Airala for Respondents.

DRAPER, P. J.—Petitioner, the compensation insurance carrier for Arabian American Oil Company seeks annulment of a permanent disability award to Francis G. Thomas, an Aramco employee.

In March 1959, while seated in a chair in his living quarters in Saudi, Arabia, Thomas reached to pick up a boot. Acute back symptoms ensued, and surgery, including a spinal fusion, was performed in May.

To be compensable, the injury must have arisen out of and occurred in the course of the employment (Lab. Code, § 3600). For this essential element, the commission relies upon the rule that an employee who is required by contract or work necessity to live upon the premises of the employer is considered to be performing services incidental to his employment while on such premises (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 194 Cal. 28 [227 P. 168]; *Employers'*

*etc. Corp.* v. *Industrial Acc. Com.*, 37 Cal.App.2d 567 [99 P.2d 1089]). But neither the law nor our limited knowledge warrants our taking judicial notice of housing conditions or employment contract provisions in Saudi Arabia. The issue of compensability as to the 1959 injury was not raised before the commission, and there is no evidence upon it. The proceeding must be remanded.

Award annulled.

Salsman, J., concurred.